## No. 723

### First Circuit

———

## CHRISTENSEN v. OTIS

———

(January 26, 1931. Opinion and Decree.)

———

E. F. Gayle, of Lake Charles, attorney for plaintiff, appellee.

C. V. Pattison, of Lake Charles, attorney for defendant, appellant.

MOUTON, J. Plaintiff was employed by defendant in his greenhouse at Lake Charles. He worked there for a period of thirty weeks at $30 per week, making a total of $900 for his services upon which he received $480, leaving a balance of $420 for which he sued and recovered judgment from defendant with legal interest from. July 1, 1929.

The only defense is one of incompetency on which is based a reconventional demand for $450 for damages to the plants of defendant.

On this issue defendant testified that some of his chrysanthemums had died, while Porter, a colored boy who worked in the greenhouse, said the plants known as Mrs. Robinson and Bessie Ross had suffered, but that the others "were all pretty good," in which must therefore be included the chrysanthemums.

In answer to a letter written defendant by plaintiff's attorney asking payment for the amount herein demanded, defendant answered that plaintiff had agreed to wait until January, 1930, for the balance due, and that it was his intention to pay him at that time. In his testimony he says that plaintiff left voluntarily, and there is no evidence that defendant had ever complained of his incompetency. It is obvious that there is no merit in the defense, and much less for the reconventional demand by defendant.

It is clear that no serious defense was made below, and that defendant could not have reasonably expected a reversal. In such cases it must be held that the appeal was taken for delay, entitling appellee to damages for a frivolous appeal for which he prays. Darramon v. Follin, 13 La. 426; Wilds & Co. v. Barrett & Co., 15 La. 445; Gollain v. Jamet, 16 La. 565.

As the judgment grants legal interest, 5 per cent only will be allowed plaintiff on the amount of the judgment which is the usual rule in such cases.

It is therefore ordered and decreed that the judgment be affirmed, with 5 per cent thereon as damages for a frivolous appeal, with costs.